*425 JUSTICE NELSON
concurs.
¶15 I concur in our Opinion. I also conclude that this appeal was taken without substantial or reasonable grounds and was frivolous under M. R. App. P. 19(5). As a result, I would award attorney fees and costs on appeal in favor of the PSC and PPLM and against Molnar.
¶16 To begin with, Molnar’s complaint, filed nearly seven years beyond the statute of limitations, misrepresented the facts and the law. While Molnar complains about the PSC’s 1999 decision, he never appeared before the PSC and never offered objections to its decision. Moreover, as argued by PPLM, it is doubtful that Molnar even had standing to file his lawsuit as he was never a customer of Northwestern Energy.
¶17 Molnar’s lawsuit was dead on arrival in the District Court and, properly, was summarily dismissed. On appeal, Molnar flaunts the Montana Rules of Appellate Procedure. The sole issue on appeal involves the trial court’s determination to dismiss Molnar’s petition for judicial review as being time-barred. Yet Molnar barely addresses that issue-arguing instead (and poorly at that) the merits of his underlying claim and theories that were not raised in the trial court.
¶18 M. R. App. P. 19(5) provides that this Court “may... sua sponte[] award sanctions to the prevailing party in an appeal... determined to be frivolous ... or taken without substantial or reasonable grounds. Sanctions may include costs, attorney fees, or such other monetary or non-monetary penalty as the supreme court deems proper under the circumstances.”
¶19 In my view, this appeal-not to mention the underlying lawsuit itself-was taken without substantial or reasonable grounds and was frivolous. Therefore, I would award attorney fees and costs on appeal in favor of the PSC and PPLM and against Molnar. There is no reason that taxpayers and ratepayers should have to fund the defense of this nonsense and there is no reason that the courts should have to deal with it.
¶20 With that caveat, I concur.